UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Best Western International, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Ryman Hospitality Properties, Inc.; Marriott International, Inc. <br><br> Defendants. | Case No. <br><br><br> **COMPLAINT** |

Plaintiff Best Western International, Inc. ("Best Western") for its Complaint alleges as follows:

## NATURE OF THE ACTION

1. Best Western entered into an agreement to hold its 2020 Annual Convention and Fall International Meetings at the Gaylord Palms Resort & Convention Center ("Gaylord") in Florida, beginning on October 18, 2020 (the "Agreement").

2. Invoking the Force Majeure provision, Best Western cancelled the Agreement, with the required notice, due to the ongoing COVID-19 pandemic and the serious health risks that pandemic would create for the thousands of independent hoteliers who were expected to attend the Convention and Fall International Meeting, travelling from across the United States and the globe.

3. This action seeks a declaration confirming Best Western's right to cancel the Agreement without liability for the $1,689,120.00 cancellation fee Gaylord has tried to charge Best Western.

## THE PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Best Western is a non-profit corporation organized under the laws of the State of Arizona with its headquarters located in Phoenix, Arizona.

5. Defendant Ryman Hospitality Properties, Inc. ("Ryman") is a Delaware

1

corporation with its principal place of business in Nashville, Tennessee.  Ryman owns upscale hotel, resort, and convention properties using the "Gaylord" brand, including the Gaylord Palms Resort & Convention Center in Kissimee, Florida, where it also has multiple employees.

6. Defendant Marriott International, Inc. ("Marriott") is a Delaware Corporation with its principal place of business in Bethesda, Maryland, and is the management company for Defendant Ryman's Gaylord branded properties, including the Gaylord Palms Resort & Convention Center in Kissimee, Florida.  Marriott is registered to do business in Florida and has multiple employees in Florida.

7. This Court has jurisdiction over the claims and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1332 because:  (1) Best Western is an Arizona non-profit corporation with its principal place of business in Phoenix; (2) Defendants are citizens of states other than Arizona; (3) the amount in controversy exceeds $75,000.00; (4) there are no matters pending between the parties in any other jurisdiction; and (5) Defendants engage in business in Florida and this dispute arises out of the Gaylord Palms Resort & Convention Center, which is located in Florida.

8. The declaratory relief requested in this Complaint is authorized by 28 U.S.C. §§ 2201 and 2202 and by Federal Rule of Civil Procedure 57.

## **GENERAL ALLEGATIONS**

9. Best Western is a hotel-industry service organization that operates on a cooperative basis by and for its hotelier members, which are independent owners and operators of Best Western® branded hotels.

10. Best Western has over 2,000 hotelier members in North America with hotel locations in all fifty states and throughout Canada.

11. Each year Best Western holds a Convention for its North American members, which has historically been attended by approximately 3,500 people who travel from all over the United States, Canada, and other international locations to attend.  The

purpose of Best Western's Convention is to announce newly-elected Directors, present the hotelier members with information regarding industry developments and other matters of interest, and hold a forum for members to raise questions about the corporation's operations.

12. The Convention is typically three-days, with welcome receptions and events starting Sunday and the Convention officially beginning on Monday morning. The venue provides buffet-style breakfast and lunches to the attendees each day, an exhibitor hall with over 1,000 exhibitors, convention space for a variety of breakout sessions on different topics attended by hundreds of people at a time, convention space for a general session attended by the 2,500 hoteliers and their staff, space for a women's forum with over 200 attendees, and a ballroom for a banquet with an up-scale plated dinner, with dancing and entertainment, that over 2,000 people attend.

13. Following the Convention, Best Western hosts its Fall International Meeting at the same venue for leaders who support the Best Western brand outside of North America. Best Western's affiliates and partners who license the Best Western brand internationally travel from all over the world to attend, including from Australia, Belgium, China, Finland, France, Germany, Great Britain, Greece, India, Ireland, Italy, Netherlands, South Korea, Mexico, Peru, Sweden, Thailand, Turkey.

14. In 2017, Best Western's Convention and Fall International Meetings were in Nashville at the Gaylord Opryland Resort & Convention Center, which is owned by Defendant Ryman and managed by Defendant Marriott.

15. In 2018, Best Western's Convention and Fall International Meetings were in Texas at the Gaylord Texan Resort & Convention Center, which is owned by Defendant Ryman and managed by Defendant Marriott.

16. In 2019, Best Western's Convention and Fall International Meetings were in Maryland at the Gaylord National Resort & Convention Center, which is owned by Defendant Ryman and managed by Defendant Marriott.

17.     As it had done with respect to previous agreements for its Convention and Fall International Meetings at other Gaylord properties, Best Western engaged in discussions and negotiations with Defendants about having the Convention (and Fall International Meeting) at the Gaylord Palms Resort & Convention Center in Kissimmee, Florida in October 2020.

18.     Best Western worked with Eric Medford, a Senior Sales Executive for Gaylord hotels.  His e-mail address during these negotiations had an "@marriott.com" domain name.  His current e-mail address has an "@GaylordHotels.com" domain name.  Medford sent a proposed agreement and engaged in negotiations over the terms of the contract with Best Western staff in Arizona.

19.     On March 29, 2019, Best Western executed the Agreement for the Convention, to be held at the Gaylord.  *See* Exhibit 1.

20.     The Agreement provides either party can be excused from performance based on a force majeure event:
> Either party may be excused from performance without liability if circumstances beyond its control, such as acts of God, war, acts of domestic terrorism, natural disasters, travel interruptions strikes or other circumstances, make it illegal or impossible to provide or use the Hotel facilities.  The ability to terminate pursuant to this clause is conditioned upon delivery [of] written notice to the other party setting forth the basis for such termination within ten (10) days after learning of such basis.  Should this Agreement be terminated according to the terms in this Section, Hotel will refund to Best Western International, Inc. any payments previously paid by Best Western International, Inc. to Hotel.

*Id.*

21.     The Agreement provides that, in the event either party files litigation relating to the Agreement, the non-prevailing party must pay the prevailing party's costs resulting from the litigation, including reasonable attorneys' fees.  *Id.*

22.     After the World Health Organization declared a global pandemic due to the spread of COVID-19, Best Western began discussions with representatives for Gaylord

about canceling the Convention because of the pandemic and pursuant to the Agreement's force majeure provision.

23. Consistent with the force majeure provision's notice requirements, on March 20, 2020, Best Western wrote to representatives of the Gaylord stating that in light of evolving developments surrounding COVID-19, including the World Health Organization's declaration of a global pandemic and subsequent government-imposed closures and travel restrictions, it may not be possible for Best Western to hold the Convention.  *See* Exhibit 2, March 20, 2020 Letter.

24. On April 3, 2020, Defendant Ryman issued its annual report for 2019, which included a letter from Ryman's Chairman and Chief Executive Officer, Colin V. Reed, wherein he stated:

> **LOOKING AHEAD**
>
> Despite the current environment, we remain confident in the long-term viability of our strategic focus. Our Hospitality segment still has a solid book of business for the second half of 2020 and beyond, and we believe that many customers who have been forced to cancel their meetings as a result of COVID-19 will rebook them with us later this year, subject to availability, and in future years. Anecdotally, we have even seen some customers book new business with us in future years because of our flexibility and understanding during these uncertain times.

25. Consistent with Mr. Reed's statement in Ryman's annual report about customers having to cancel their meetings because of COVID-19 and Ryman being flexible and understanding about customer cancellations and rebooking for future years, the parties engaged in discussions about modifying the Agreement such that Best Western would hold a future Convention and meetings at the Gaylord or another Gaylord-branded property in exchange for Best Western cancelling the Convention without liability.

26. On July 10, 2020, discussions concerning modifications to the agreement broke down, with representatives for the Gaylord notifying Best Western of its "final offer" to charge a cancellation fee of nearly $1 million (50% of $1.877M), plus Best Western holding its 2023 Convention and Fall International Meeting at the Gaylord, with comparable terms and financial commitments as for the 2020 Convention and Fall

International Meeting.

27. On July 15, 2020, Best Western provided the Gaylord with written confirmation that Best Western was terminating the Agreement pursuant to the force majeure provision, noting the continued escalation of the pandemic and citing the surge of new COVID-19 cases in Florida, which on July 12 had 15,299 new COVID-19 cases, setting a record as the highest number of new cases reported in a single day by any state since the pandemic began. *See* Exhibit 3, July 15, 2020 Letter.

28. Best Western's letter emphasized the significant health risks associated with holding the Convention and its reasonable concern that the hotel would not be able to provide a safe and healthy environment for its attendees. *Id.*

29. Best Western also noted that the Centers for Disease Control and Prevention and the Florida Department of Health have issued guidelines urging all Americans to stay home and avoid non-essential travel, crowded places, and mass gatherings and that many governments (city, state, province and country) have enacted travel restrictions that make travel impossible, including executive orders issued by Florida Governor DeSantis that requires travelers from areas with substantial community spread of the virus to quarantine for fourteen (14) days or for the duration of their presence in Florida. *Id.*

30. As of July 15, 2020, numerous states were requiring individuals coming from Florida to self-quarantine for a 14-day period upon entering those states, including Connecticut, Hawaii, parts of Illinois, Kansas, Maine, Massachusetts, New Jersey, New Mexico, New York, Pennsylvania, Rhode Island, South Carolina, Vermont. The same is true for Canada; travelers returning to Canada must self-quarantine for 14 days. If held, the Convention would have had attendees from each of these jurisdictions.

31. On July 19, 2020, in response to Best Western's letter, Defendants sent Best Western an email from the Senior Assistant Director of Finance & Accounting for the Gaylord, attaching "an invoice for the cancellation charges from the Gaylord Palms

Resort" in the sum of $1,689,120, reflecting charges for room cancellation and food and beverage ("F&B") fees. The email included wire instructions and a W9. The wiring instructions identified bank account information for Marriott Hotel Services, Inc. and the W9 identified Marriott International, Inc.

32. Best Western contests its liability for the charges sought in the invoice because it exercised its right to cancel the Agreement under the force majeure clause, without liability.

33. Given the health risks posed to its hotelier members by the COVID-19 pandemic and, in particular, having a large population of people originating from many states and countries congregating at a convention, performance of the Agreement by Best Western has become impossible or impracticable, and the purpose of that Agreement has been frustrated.

34. Given the travel restrictions and quarantine requirements imposed by various governmental entities as a result of the COVID-19 pandemic, performance of the Agreement by Best Western has become impossible or impracticable, and the purpose of that Agreement has been frustrated.

## COUNT I - DECLARATORY RELIEF

35. Best Western incorporates by reference the prior paragraphs.

36. This is a claim for declaratory relief brought against defendants pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, which empower this Court to declare the rights and legal relations of the parties.

37. An actual case or controversy exists between Best Western and Defendants.

38. Specifically, Best Western contends it properly invoked the force majeure provision to terminate the Agreement, and therefore is not liable to Defendants for any amount, including cancellation fees. Defendants contend, on the other hand, Best Western is obligated to pay cancelation fees of no less than $1,689,120, notwithstanding Best Western's invocation of the force majeure provision.

39.     Alternatively, even if the force majeure provision in the Agreement does not relieve Best Western of performance, Best Western contends that its performance of the Agreement has become impossible or impracticable, and the purpose of that Agreement frustrated, as a result of the COVID-19 pandemic, such that Best Western is relieved from performance under the Agreement.

40.     A declaratory judgment would resolve the controversy and relieve the parties of uncertainty, economic damage, and risk of economic damage.

41.     Accordingly, Best Western requests a declaration that it is entitled to invoke the force majeure provision of the parties' agreement to terminate the agreement.

## PRAYER FOR RELIEF

THEREFORE, Best Western International, Inc. seeks judgment against Defendant as follows:

A.     A declaration that (1) Best Western is entitled to cancel the Agreement pursuant to the force majeure provision due to the unforeseen and uncontrollable circumstances related to the COVID-19 pandemic; (2) Best Western properly invoked the force majeure provision and exercised its rights under that provision; (3) performance of the Agreement by Best Western has become impossible, such that Best Western has been relieved of further performance; (4) performance of the Agreement by Best Western has become impracticable, such that Best Western has been relieved of further performance; (5) the purpose of the Agreement with respect to Best Western's performance has been frustrated, such that Best Western has been relieved of further performance; and (6) Best Western is not required to pay any fees as a result of the cancellation, including the $1,689,120 invoice Defendants have submitted to Best Western.

B.     For an award of reasonable attorneys' fees and costs to the extent allowed at law or under the parties' agreement, as applicable; and

C.     Any other relief the Court deems just and proper.

DATED this 28th day of July, 2020.

        Respectfully submitted,

        */s/ Michael W. Marcil*
        Michael W. Marcil
        Florida Bar No.: 091723
        Primary E-mail:   MMarcil@gunster.com

        Secondary E-mail:   LVanegas@gunster.com
                               nhill@gunster.com
                                 dmowery@gunster.com
                                 eservice@gunster.com

        Gunster, Yoakley & Stewart, P. A.
        450 E. Las Olas Blvd., Suite 1400
        Fort Lauderdale, Florida 33301
        Telephone: (954) 462-2000


        LEWIS ROCA ROTHGERBER CHRISTIE LLP
          201 East Washington Street, Suite 1200
          Phoenix, Arizona 85004-2595

          Randy Papetti (State Bar No. 014586)
          Direct Dial: 602.262.5337
          Email:  rpapetti@lrrc.com
          *Pro Hac Motion Pending*

          Jared L. Sutton (State Bar No. 028887)
          Direct Dial: 602.262.0259
          Direct Fax: 602.734.3924
          Email:  jsutton@lrrc.com
          *Pro Hac Motion Pending*

          Jennifer Lee-Cota (State Bar No. 033190)
          Direct Dial: 602.262.5368
          Direct Fax: 602.262.5747
          Email:  jleecota@lrrc.com
          *Pro Hac Motion Pending*


        *Attorneys for Best Western International, Inc.*